# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Jose Alfredo Varela-Meraz, <br><br> Defendant-Petitioner, <br><br> v. <br><br> United States of America, <br><br> Plaintiff-Respondent. | Case No. 13-cr-00058 (SRN) <br><br> **ORDER** |

Jose Alfredo Varela-Meraz, Reg. No. 63321-051, Federal Correctional Institution Sandstone, P.O. Box 1000, Sandstone, MN 55072, pro se.

Andrew S. Dunne and Thomas M. Hollenhorst, United States Attorney's Office, 300 S. 4th St. Ste. 600, Minneapolis, Minnesota 55415, for Plaintiff-Respondent.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the undersigned United States District Judge on Defendant-Petitioner Jose Alfredo Varela-Meraz's ("Defendant-Petitioner") Motion to Amend [Doc. No. 92]. He seeks to amend his petition pursuant to 28 U.S.C. § 2255 ("First § 2255 Petition") [Doc. No. 70]. For the reasons set forth below, Defendant-Petitioner's Motion to Amend is denied.

## I.   BACKGROUND

### A.   Underlying Criminal Proceedings

The factual and procedural background of Defendant-Petitioner's case is more fully detailed in this Court's previous order denying his First § 2255 Petition, (see Mem. Opinion & Order of 6/19/15 [Doc. No. 80]), and is incorporated herein by reference.

Briefly stated, in March of 2010, police officers arrested Defendant-Petitioner. (See Plea Agreement [Doc. No. 45] at 2; Compl. [Doc. No. 1] at 2–3.) A subsequent search of the vehicle from which he was arrested revealed a firearm and over 1 kilogram of methamphetamine. (See Plea Agreement at 2; Compl. at 3.) In March of 2013, Defendant-Petitioner was charged in a five-count indictment with conspiracy to distribute methamphetamine, possession with intent to distribute methamphetamine, possession of a firearm during a drug trafficking crime, unauthorized possession of a firearm as a felon, and unlawful reentry after removal. (Indictment [Doc. No. 11] at 1–3.)

Thereafter, this Court appointed Robert D. Richman as Defendant-Petitioner's counsel. (See CJA 20 Appointment I [Doc. No. 9].) After several disputes with Defendant-Petitioner, Richman withdrew from representation. (See Mem. Opinion & Order of 6/19/15 at 2.) Defendant-Petitioner then retained private counsel, Ignatius Udeani, in May of 2013. (See Notice of Substitution [Doc. No. 37].) On July 29, 2013, Defendant-Petitioner entered into a plea agreement and pled guilty to two counts: drug conspiracy (Count 1) and use of a firearm during a drug trafficking crime (Count 3). (See Plea Agreement at 1.)

In December of 2013, Defendant-Petitioner again expressed dissatisfaction with his counsel. (See Def-Pet'r's Letters [Docs. No. 52–55].) Udeani filed a motion to withdraw [Doc. No. 56], and this Court reappointed Richman as Defendant-Petitioner's counsel. (See Notice of Appearance/Substitution [Doc. No. 59]; CJA 20 Appointment II [Doc. No. 60].) Defendant-Petitioner was then sentenced on May 21, 2014, to a term of

imprisonment of 248 months—188 months for Count 1 and 60 months for Count 3 to run consecutively. Defendant-Petitioner did not appeal his sentence.

**B.      Postconviction Proceedings**

**1.      First § 2255 Petition and Appeal**

Defendant-Petitioner filed his First § 2255 Petition on March 12, 2015, claiming that Udeani had provided ineffective assistance of counsel. Defendant-Petitioner alleged that he had sought to cooperate with the Government and that Udeani "was constitutionally ineffective for failing to serve as a meaningful advocate during his attempted cooperation." (First § 2255 Petition at 4; see also Mem. Opinion & Order of 6/19/15 at 3.) He also moved for an evidentiary hearing in support of his ineffective assistance of counsel claim. (First § 2255 Petition at 5; see also Mem. Opinion & Order of 6/19/15 at 3–4.)

This Court denied that First § 2255 Petition on the merits on June 19, 2015. (See Mem. Opinion & Order of 6/19/15.) It reasoned that Defendant-Petitioner had failed to meet his heavy burden of demonstrating that his counsel's performance "fell below an objective standard of reasonableness." (Id. at 6 (quoting Strickland v. Washington, 466 U.S. 688, 688 (1984)).) Alternatively, this Court found that even if Udeani's performance had been objectively unreasonable, Defendant-Petitioner had also failed to show that it had "prejudiced the outcome of the proceedings." (Id. at 9.) Finally, this Court determined that an evidentiary hearing was unnecessary because Defendant-Petitioner's "claims [were] contradicted by the record and the law." (Id. at 10.) The Court also declined to issue a certificate of appealability because "no issue raised is 'debatable

3

among reasonable jurists.'" (Id. at 11 (quoting Fleiger v. Delo, 16 F.3d 878, 882–83 (8th Cir. 1994)).)

Defendant-Petitioner then petitioned the Eighth Circuit Court of Appeals for a certificate of appealability, filing a Notice of Appeal on July 29, 2015 [Doc. No. 82]. His request was denied on October 16, 2015. (J. of USCA [Doc. No. 87].)

### 2. Motion for Permission to File a Second § 2255 Petition

On March 23, 2018, after the filing of the present Motion to Amend, which is discussed in greater detail below, Defendant-Petitioner filed a Motion Seeking Permission to File a Second Petition for Habeas Corpus Relief ("Motion for Second § 2255 Petition") with the Eighth Circuit Court of Appeals. (Mot. Second § 2255 Pet., Varela-Meraz v. United States, No. 18-1633 (8th Cir. Mar. 23, 2018).) He argued that the United States Supreme Court's decision in Dean v. United States, 137 S. Ct. 1130 (2017), provided him a new opportunity for relief that was previously unavailable. The Government countered that Defendant-Petitioner had failed to show that Dean was retroactively applicable to cases on collateral review, and, alternatively, that Defendant-Petitioner had failed to show that his sentence would have been different were Dean to apply. (See Govt. Resp. Mot. Second § 2255 Pet., Varela-Meraz v. United States, No. 18-1633 (8th Cir. Apr. 3, 2018).)

The Eighth Circuit Court of Appeals denied Defendant-Petitioner's Motion for Second § 2255 Petition on May 31, 2018 [Doc. No. 94].

### 3. Motion to Amend

Defendant-Petitioner filed the present Motion to Amend on January 8, 2018. He requests leave to amend his First § 2255 Petition to modify his claim of ineffective assistance of counsel. (See Def.-Pet'r's Mot. Am. at 3–4.) He now asserts that both Udeani and Richman were deficient for failing to "investigate the very fact that the drugs and weapon confiscated in his criminal case belonged to another individual other than the defendant," which he characterizes as a violation of Brady v. Maryland, 373 U.S. 83 (1963). (Def.-Pet'r's Mot. Am. at 3.) He also alleges that Udeani was deficient because he lacked experience in criminal defense. (Id. at 3–4.)

## II.  DISCUSSION

Because he is appearing pro se, Defendant-Petitioner's pleadings are held to a less stringent standard and must be read liberally. See Horsey v. Asher, 741 F.2d 209, 211 n.3 (8th Cir. 1984) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)). Defendant-Petitioner has styled his present Motion as one to amend under Federal Rule of Civil Procedure Rule 15. "Habeas proceedings are civil in nature; therefore, the Federal Rules of Civil Procedure apply." Mandacina v. United States, 328 F.3d 995, 1000 n.3 (8th Cir. 2003); see also United States v. Hernandez, 436 F.3d 851, 857 (8th Cir. 2006) (Rule 15(c)'s relation back rules apply to § 2255 Petitions). "Although a pretrial motion for leave to amend . . . is to be liberally granted, different considerations apply to motions filed after dismissal." United States v. Fiorito, No. 07-cr-02121 (PJS/JSM), 2016 WL 4923503, at *1 (D. Minn. Sept. 15, 2016), *appeal dismissed*, No. 16-4021, 2017 WL 5012463 (8th Cir. Feb. 17, 2017) (quoting Humphreys v. Roche Biomedical Labs, Inc., 990 F.2d 1078, 1082 (8th Cir. 1993)). "[I]nterests of finality dictate that leave to amend should be less

freely available after a final order has been entered." Id. (quoting United States ex rel. Roop v. Hypoguard USA, Inc., 559 F.3d 818, 823 (8th Cir. 2009)). In such circumstances, "[l]eave to amend will be granted if it is consistent with the stringent standards governing the grant of Rule 59(e) and Rule 60(b) relief." United States v. Mask of Ka-Nefer-Nefer, 752 F.3d 737, 743 (8th Cir. 2014). "[D]istrict courts in this circuit have considerable discretion to deny a [timely] post judgment motion for leave to amend because such motions are disfavored, but may not ignore the Rule 15(a)(2) considerations that favor affording parties an opportunity to test their claims on the merits." Id. (alterations in original) (quoting United States ex rel. Roop, 559 F.3d at 823–24). As explained below, Defendant-Petitioner fails to meet Rule 59(e) and 60(b)'s "stringent standards." Mask of Ka-Nefer-Nefer, 752 F.3d at 743.

Federal Rule of Civil Procedure 59(e) requires that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." The judgment in Defendant-Petitioner's First § 2255 Petition was entered on June 23, 2015 (See J. [Doc. No. 81].) The present Motion, however, was filed more than two years later on January 8, 2018. (See Def.-Pet'r's Mot. Am.) This clearly well exceeds the 28-day limit of Rule 59(e). Accordingly, Defendant-Petitioner's request for leave to amend fails under this Rule.

The Court reaches the same conclusion under Rule 60(b). "Federal Rule of Civil Procedure 60(b) allows a habeas petitioner to seek relief from final judgment and to request the reopening of his case in certain circumstances." Ward v. Norris, 577 F.3d 925, 932 (8th Cir. 2009) (citing Gonzalez v. Crosby, 545 U.S. 524, 530, 532 (2005)).

Rule 60(b) permits a court to relieve a party from a final judgment, order, or proceeding for:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Here, none of the Rule 60(b) categories apply to allow Defendant-Petitioner to amend his First § 2255 Petition. He does not allege mistake or fraud. The judgment is not void, nor has it been reversed or vacated. Indeed, the Eighth Circuit Court of Appeals denied a certificate of appealability for the underlying judgment. (See J. of USCA.) Defendant-Petitioner does not offer any newly-discovered evidence that could not have been discovered within the 28-day period of Rule 59(b). In fact, he admits that his allegations about Udeani's lack of qualifications are the result of a "cursory review of LEXISNEXIS legal database." (Def.-Pet'r's Mot. Am. at 5.) This leaves only 60(b)(6)—"any other reason that justifies relief." "[R]elief under Rule 60(b)(6) . . . requires a showing of 'extraordinary circumstances.'" Gonzalez, 545 U.S. at 536 (quoting Ackermann v. United States, 340 U.S. 193 (1950)). Alleged negligence on the part of counsel is not a sufficiently extraordinary circumstance to justify relief under Rule 60(b)(6). See Christeson v. Griffith, 860 F.3d 585, 589–90 (8th Cir. 2017) (per curiam) (holding that attorney abandonment, not attorney negligence, was sufficient for Rule

7

60(b)(6)). Accordingly, Defendant-Petitioner cannot meet the Rule 60(b) standard either. Thus, because Defendant-Petitioner's Motion to Amend fails to satisfy the requirements of either Rule 59(e) or Rule 60(b), it must be denied.

There are, moreover, two additional grounds for denying Defendant-Petitioner's Motion to Amend. Ordinarily, a § 2255 Petition must be filed within one year of the date that a conviction becomes final. Donnell v. United States, 826 F.3d 1014, 1016 (8th Cir. 2016) (citing 28 U.S.C. § 2255(f)(1)).[1] Under this rule, Defendant-Petitioner's First § 2255 Petition, filed on March 12, 2015, was timely. His present Motion, however, was filed several *years* after his conviction became final. (See Def.-Pet'r's Mot. Am.) Alternatively, 28 U.S.C. § 2255(f)(4) states that a petition is timely if filed within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." To the extent that Defendant-Petitioner claims to have discovered new evidence of ineffective assistance of counsel, any such evidence could have been discovered at the time of trial. Therefore, the claims he asserts now are facially barred by the statute of limitations.

Petitioner nevertheless asserts that the claims he now presents "relate back" to his First § 2255 Petition. (See id. at 2–3.) He relies on the general rule that "[c]laims made in an untimely filed motion under § 2255 may be deemed timely if they relate back to a timely filed motion as allowed by Federal Rule of Civil Procedure 15(c)." Dodd v. United States, 614 F.3d 512, 515 (8th Cir. 2010). An amendment relates back to the date of the

---

[1] 28 U.S.C. §§ 2255(f)(2)–(3) provides two other possible starting dates for the one-year period, neither of which are relevant to the present case.

8

original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). "To arise out of the same conduct, transaction, or occurrence, the claims must be 'tied to a common core of operative facts.'" Dodd, 614 F.3d at 515 (quoting Mayle v. Felix, 545 U.S. 644, 664 (2005)). "The facts alleged must be specific enough to put the opposing party on notice of the factual basis for the claim." Id.

"An amended habeas petition," however, "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Mayle, 545 U.S. at 650.[2] Indeed, "[an] entire trial is not one transaction or occurrence for the purposes of Rule 15(c)." Taylor v. United States, 792 F.3d 865, 870 (8th Cir. 2015). By the same token, the whole of a criminal proceeding is not the same transaction or occurrence. See, e.g., Mayle, 545 U.S. at 650; Hernandez, 436 F.3d at 857–58 (rejecting argument that ineffective assistance of counsel claims based on trial testimony and cross examination of witnesses related back to claims founded on admission of evidence, though all occurred during trial); Mandacina, 328 F.3d at 1002 (concluding that district court did not err in holding that failure to investigate two different types of evidence,

---

[2] Though the Supreme Court addressed an underlying state law conviction under 18 U.S.C. § 2254, its logic also applies to § 2255 claims. See Hernandez, 436 F.3d at 857 ("We have 'characterized § 2255 motions as the statutory analogue of habeas corpus for persons in federal custody.'") (quoting United States v. Martin, 408 F.3d 1089, 1093 (8th Cir. 2005)); see, e.g., Taylor v. United States, 792 F.3d 865, 870 (8th Cir. 2015) (applying Mayle to a § 2255 proceeding).

footprints and a police report, were not sufficiently similar in type, though both occurred before trial, to relate back); United States v. Craycraft, 167 F.3d 451, 457 (8th Cir. 1999) ("Failing to file an appeal is a separate occurrence in both time and type from a failure to pursue a downward departure or failure to object to the type of drugs at issue. We cannot say that his original petition would provide notice of such a different sort of theory. Therefore, the amendment cannot relate back under Rule 15(c) and it must be time barred.").

Here, Defendant-Petitioner alleges that both Udeani and Richman's failure to investigate the ownership of the drugs and weapon underlying his conviction constitute ineffective assistance of counsel. (See Def.-Pet'r's Mot. Am. at 3–4.) He also alleges that Udeani lacked sufficient experience in criminal matters to provide effective representation. (See id. at 5.) His First § 2255 Petition, however, only alleged that Udeani provided ineffective assistance of counsel by allegedly failing to communicate Defendant-Petitioner's desire to cooperate with the Government. (See First § 2255 Petition at 14; see also Mem. Opinion & Order of 6/19/15 at 5.) While these alleged behaviors may have all taken place in roughly the same time period before trial, they pertain to separate and distinct actions, proof of which would depend on entirely separate facts and circumstances. The issue Defendant-Petitioner raised in his First § 2255 Petition pertained to his communications with his counsel, whereas what he now asserts relates to his counsel's pre-trial investigations and professional qualifications and experience in criminal matters. Accordingly, the claims he now asserts do not relate back to his First § 2255 Petition, and are thus barred by the one-year limitations period.

Finally, the Court is compelled to note that Defendant-Petitioner's Motion to Amend is, in actuality, more aptly characterized as a second or successive habeas petition. Indeed, as the Eighth Circuit has recognized, "Rule 60(b) motions often contain claims which are 'in substance a successive habeas petition and should be treated accordingly.'" United States v. Lee, 792 F.3d 1021, 1023 (8th Cir. 2015), *as corrected* (Dec. 14, 2015) (quoting Gonzalez, 545 U.S. at 531). However, as Defendant-Petitioner is undoubtedly aware, "a second or successive habeas motion filed by someone in federal custody must also 'be certified as provided in [28 U.S.C.] section 2244 by a panel of the appropriate court of appeals.'" Lee, 792 F.3d at 1023 (quoting 28 U.S.C. § 2255(h)). Defendant-Petitioner's Motion is thus procedurally barred because he has not acquired permission from the Eighth Circuit Court of Appeals. See 28 U.S.C. § 2255(h).

### III. ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant-Petitioner Jose Alfredo Varela-Meraz's pro se Motion to Amend [Doc. No. 92] is **DENIED**.

Dated: July 31, 2018

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge