UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | No. 13-CR-58 (SRN/JJG) |
| Plaintiff, | |
| v. | ORDER ON SECOND MOTION FOR COMPASSIONATE RELEASE |
| Jose A. Varela-Meraz, | |
| Defendant/Petitioner | |

Katharine T. Buzicky, Office of the U.S. Attorney, 316 N. Robert St., Ste. 404, Saint Paul, MN 55101, for Plaintiff United States of America

Jose A. Varela-Meraz, Reg. No. 63321-051, FCI-Elkton, P.O. Box 10, Lisbon, OH 44432, Pro Se Defendant/Petitioner

SUSAN RICHARD NELSON, United States District Judge

Before the Court is the Second Pro Se Motion for Compassionate Release from Custody [Doc. No. 110] filed by Defendant/Petitioner Jose A. Varela-Meraz. Mr. Varela-Meraz seeks release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The Government opposes the motion. (Gov't's Opp'n [Doc. No. 115] at 2–5). Based on a review of the file, record, and proceedings herein, and for the following reasons, the Court denies the motion.

1

I. BACKGROUND

In July 2013, Mr. Varela-Meraz pleaded guilty to conspiracy to distribute methamphetamine, and using, carrying, and possessing a firearm during and in relation to, and in furtherance of, a drug trafficking crime. (*See* 7/29/2013 Minute Entry [Doc. No. 44].)

As a part of his plea agreement, Mr. Varela-Meraz agreed to the following facts: that he was engaged in a conspiracy to distribute methamphetamine from the fall of 2009 to on or about April 20, 2011; that after he was arrested, a total of 1,131.3 grams of methamphetamine (990 grams actual) and a loaded handgun were found in his vehicle; and that he distributed over 500 grams of methamphetamine during the period of the conspiracy. (Plea Agmt. at 2.) For sentencing purposes, although the total amount of methamphetamine involved in the conspiracy was never determined, the parties agreed that the offense involved "more than 1.5 kilograms of methamphetamine (actual)." (Def.'s Sentencing Mem. [Doc. No. 65] at 3; *see also* Sentencing Tr. [Doc. No. 91] at 4:11–15 (no objections).) The Court sentenced Mr. Varela-Meraz to a 248-month term of imprisonment, consisting of 188 months on Count 1 and 60 months on Count 3, to run consecutively. (Sentencing J. [Doc. No. 68] at 2.) On the Government's motion at sentencing, the Court dismissed three remaining counts against him. (*Id*. at 1.)

Mr. Varela-Meraz is incarcerated at FCI Elkton, a low security facility in Lisbon, Ohio. *See* Find an inmate, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Sept. 25, 2025). He is 37 years old, and his projected release date is November 16, 2030. *Id*.

Mr. Varela-Meraz previously sought compassionate release in January 2024, arguing that a reduction in sentence was warranted due to a gross disparity between the sentence he is serving and a sentence that would be imposed today for the same conduct, rendering his sentence "unusually long" under U.S.S.G. § 1B1.13(b)(6). (Def.'s First Comp. Release Mot. [Doc. No. 101] at 8–19.) The Court disagreed and denied relief [Doc. No. 109]. *United States v. Varela-Meraz*, No. 13-cr-58 (SRN/JJG), 2024 WL 1366536, at *2–5 (D. Minn. Apr. 1, 2024).

Prior to filing the instant motion, Mr. Varela-Meraz submitted a request for compassionate release to the warden of his facility on April 21, 2025. (Ex. to Second Comp. Release Mot. [Doc. No. 110-1].) He did not receive a response. (Second Comp. Release Mot. at 2.) In the instant motion, Mr. Varela-Meraz seeks compassionate release, again arguing that a significant disparity exists between the sentence he received in 2014 and the sentence he would likely receive today for the same conduct. (Def.'s Second Comp. Release Mot. at 3–4.) He reasserts that this disparity constitutes an extraordinary and compelling reason for a sentence reduction. (*Id.* at 4.) In addition, he argues that his youthful age at the time of the offense and his post-sentencing rehabilitation also warrant compassionate release. (*Id.* at 2–3.) Finally, Mr. Varela-Meraz contends that application of the sentencing factors under 18 U.S.C. § 3553(a) favor compassionate release. (*Id*. at 6–7.)

In opposition, the Government urges the Court to again reject Mr. Varela-Meraz's arguments concerning sentencing disparities and consideration of the sentencing factors

under 18 U.S.C. § 3553, as well his new arguments concerning his age at the time of the offenses and his rehabilitation in prison. (Gov't's Opp'n at 2–5.)

## II.  DISCUSSION

"[A] court may not modify a term of imprisonment once it has been imposed" except pursuant to statute. *United States v. Marcussen*, 15 F.4th 855, 858 (8th Cir. 2021) (quoting 18 U.S.C. § 3582(c)). The compassionate release provision, as amended by the First Step Act, is such a statutory exception. *See* 18 U.S.C. § 3582(c)(1)(A). A court may reduce a defendant's term of imprisonment if: (1) "after considering the factors set forth in § 3553(a) to the extent that they are applicable"; (2) the court finds that "extraordinary and compelling reasons warrant such a reduction"; and (3) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*.

The Sentencing Commission has provided guidance about compassionate release in the U.S. Sentencing Guidelines, § 1B1.13 (2024). It has identified certain extraordinary and compelling reasons for a sentence reduction, including: (1) the medical circumstances of the defendant; (2) the defendant's advanced age; (3) the defendant's family circumstances; or (4) the defendant being a victim of sexual abuse perpetrated by BOP staff. U.S.S.G. § 1B1.13(b)(1)–(4). In addition, a catch-all provision for "other reasons" permits courts to consider "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4) [noted above]" that "are similar in gravity to those described in paragraphs (1) through (4)." *Id.* § 1B1.13(b)(5).

4

A defendant seeking compassionate release "bears the burden to establish he is eligible for a sentence reduction." *United States v. Demikh*, No. 15-CR-1132 (MJD/HB), 2022 WL 2643903, at *1 (D. Minn. July 8, 2022) (citing *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Ocanas*, 516 F. Supp. 3d 936, 938 (D. Minn. Feb. 2, 2021)).

### A. Administrative Exhaustion

As an initial matter, the Court finds that Mr. Varela-Meraz has exhausted his administrative remedies, as required by law. *See* 18 U.S.C. § 3582(c)(1)(A). He sought relief from the warden of his facility and 30 days elapsed without a reply. *See id.* His Second Motion for Compassionate Release is therefore ripe for the Court's consideration.

### B. Extraordinary and Compelling Reasons

#### 1. Sentencing Disparity

In the instant motion, Mr. Varela-Meraz repeats the argument raised in his First Motion for Compassionate Release that courts have moved away from adopting higher base offense levels for "actual" methamphetamine (as opposed to a mixture), and therefore he should receive a sentence reduction. (*Compare* Def.'s Second Comp. Release Mot. at 3–6, *with* Def.'s First Comp. Release Mot. at 9–13.) Further, he argues that "[s]ince the enactment of the First Step Act and changes in DOJ charging policies, many comparably situated defendants have received significantly lower sentences." (*Id.* at 4.)

The Court declines to award relief on this basis, for the reasons stated in its order on Defendant's First Motion for Compassionate Release. *Varela-Meraz*, 2024 WL 1366536, at *4–5. Granted, prior to Mr. Varela-Meraz's 2014 sentencing, some district

5

courts around the country rejected the Guidelines' 10:1 purity ration for methamphetamine offenses at sentencing and varied downward based on policy disagreement. *Id.* at *4 (citing *United States v. Hayes*, 948 F. Supp. 2d 1009, 1031–1033 (N.D. Iowa 2013)). However, the trend "remains far from universal," and "the Eighth Circuit Court of Appeals has consistently held that district courts may continue to consider the Guidelines for methamphetamine offenses at their discretion." *Id.* (citing *United States v. Heim*, 941 F.3d 338, 341 (8th Cir. 2019); *United States v. Gonzalez*, 710 F. App'x 276, 278 (8th Cir. 2018)). Essentially, Mr. Varela-Meraz contends that instances of disagreement with sentencing policy warrant compassionate release here. However, "'while a district court may choose to deviate from the guidelines because of a policy disagreement,' it is 'not required to do so.'" *Heim*, 941 F.3d at 340 (quoting *United States v. Manning*, 738 F.3d 937, 947 (8th Cir. 2014)). The Court declines to do so here. Moreover, to the extent Mr. Varela-Meraz contends that he received a longer sentence than similarly situated defendants, the Court considered this factor at sentencing. (*See* Sentencing Tr. at 16.)

Nor does Mr. Varela-Meraz demonstrate that he is serving an unusually long sentence sufficient to constitute an extraordinary and compelling reason for resentencing. Guidelines § 1B1.13(b)(6) applies to defendants who have received unusually long sentences, who have served at least 10 years of imprisonment, and for whom a change in the law (other than an amendment to the Guidelines that has not been made retroactive) "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." U.S.S.G. § 1B1.13(b)(6). As discussed above, at the time of Mr. Varela-Meraz's sentencing in May 2024, district courts

6

around the country were already exercising their discretion to disregard the Guidelines' methamphetamine purity distinction. This court had the discretion to vary downward from the Guidelines on that basis, and in fact considered a related policy argument at that time. (*See* Sentencing Tr. at 4–9, 16.) As the Eighth Circuit has made clear, the Court would have the same discretion were Mr. Varela-Meraz to be sentenced today. Because no change in the law between May 21, 2014, and today would necessitate a different outcome for Mr. Varela-Meraz, he has not established that his sentence is unusually long within the meaning of the Commission's policy statement.

### 2. Youthful Offender

Mr. Varela-Meraz also argues that compassionate release is warranted because he was 22 years old at the time he committed the offenses of conviction. (Def.'s Second Comp. Release Mot. at 2–3, 6.) The Court declines to award relief on this basis.

Amendment 829 to the Sentencing Guidelines modified language in Guidelines § 5H1.1 regarding youthful offenders. The Guidelines Policy Statement on "age" currently states that "[a]ge may be relevant in determining whether a departure is warranted" and that

> [a] downward departure also may be warranted due to the defendant's youthfulness at the time of the offense or prior offenses. Certain risk factors may affect a youthful individual's development into the mid-20's and contribute to involvement in criminal justice systems, including environment, adverse childhood experiences, substance use, lack of educational opportunities, and familial relationships. In addition, youthful individuals generally are more impulsive, risk-seeking, and susceptible to outside influence as their brains continue to develop into young adulthood. Youthful individuals also are more amenable to rehabilitation.

7

> The age-crime curve, one of the most consistent findings in criminology, demonstrates that criminal behavior tends to decrease with age. Age-appropriate interventions and other protective factors may promote desistance from crime. Accordingly, in an appropriate case, the court may consider whether a form of punishment other than imprisonment might be sufficient to meet the purposes of sentencing.

U.S.S.G. § 5H1.1.

However, as Mr. Varela-Meraz acknowledges, (Def.'s Second Comp. Release Mot. at 3; Reply [Doc. No. 117] at 1), Amendment 829 has not been made retroactively applicable to defendants seeking compassionate release. *See* U.S.S.G. § 1B1.10 (listing amendments for which a reduction in sentence may apply retroactively, and not listing Amendment 829); *see also United States v. Dunn*, No. 17-cr-168 (SRN/KMM), 2025 WL 1364166, at *4 (D. Minn. May 12, 2025).

While a non-retroactive change may not serve as an independent basis for relief, if a defendant *otherwise establishes* extraordinary and compelling reasons for a sentence reduction, courts may take into consideration a non-retroactive amendment, but only to determine the extent of any such reduction. U.S.S.G. § 1B1.13(c) (emphasis added). For the reasons noted above, and, as the Court discusses below, Mr. Varela-Meraz has not otherwise established that extraordinary and compelling reasons warrant compassionate release. Accordingly, he is not eligible for relief based on the age at which he committed his offenses.

### 3. Rehabilitation

Mr. Varela-Meraz also moves for compassionate release based on his rehabilitation. (Def.'s Second Comp. Release Mot. at 3.) While Mr. Varela-Meraz's rehabilitative efforts

8

are commendable, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason" for compassionate release. U.S.S.G. § 1B1.13(d); 28 U.S.C. § 994(t). While rehabilitation may be considered in combination with other circumstances to determine whether and to what extent a reduction is warranted, the Court finds that no other circumstances warrant compassionate release here.

### 4. Catch-All Provision

To the extent Mr. Varela-Meraz invokes the compassionate release catch-all provision for "other reasons" constituting "extraordinary and compelling reasons" for compassionate release, considered alone or in combination, under Guidelines § 1B1.13(b)(5), the Court declines to award relief on this basis. The Court finds that Mr. Varela-Meraz's age at the time of the offenses, his rehabilitative efforts, and his policy arguments do not, alone or in combination, warrant compassionate release.

### D. Factors Under 18 U.S.C. § 3553(a)

Pursuant to the Sentencing Commission's policy statement, a court may reduce a term of imprisonment for an eligible defendant only after considering the sentencing factors set forth in 18 U.S.C. § 3553(a),[1] if applicable, and if the court determines that

---

[1] Pursuant to § 3553(a), and as relevant here, the sentencing court shall consider—

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed-- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of

"the defendant is not a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13(a)(2).

The Court finds consideration of the § 3553(a) factors does not weigh in favor of relief. Mr. Varela-Meraz's sentence reflects the seriousness of his conduct. Although he contends that he "played no managerial or violent role" in his offenses (Def.'s Second Comp. Release Mot. at 6), he was actively involved in significant drug dealing, while possessing firearms at the same time. (Sentencing Tr. at 17.) His sentence appropriately provides just punishment for dangerous conduct and affords adequate deterrence to criminal conduct. 18 U.S.C. § 3553(a)(2)(A)–(B).

### III.  CONCLUSION

Accordingly, based on the foregoing and on all the files, records, and proceedings herein it is **HEREBY ORDERED THAT**:

1. The Second Pro Se Motion for Compassionate Release from Custody [Doc. No. 110] filed by Defendant/Petitioner Jose A. Varela-Meraz is **DENIED**.

Dated: September 29, 2025

> s/Susan Richard Nelson
> SUSAN RICHARD NELSON
> United States District Judge

---

sentence and the sentencing range established for-- (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines.

18 U.S.C. § 3553(a).